## SECOND DEPARTMENT, JUNE, 1931.

SIDNEY F. STRONGIN, as Permanent Receiver of DENS Co., INC., a Domestic Corporation, Respondent, Appellant, v. JOSEPH M. KLEIN and Others, Appellants, Respondents, Impleaded with JOSEPHINE M. SCHUELLEIN and Others, Defendants.

PER CURIAM. William R. Klein had a greater familiarity with the transactions managed by Joseph on behalf of the Dens Co., Inc., than he now professes to have had. This is revealed in the documentary evidence in the case, including his numerous notations on the informal records of the transactions and dealings

of the brothers up to 1926, and kindred proofs respecting similar activities subsequent to that date. Both William and Joseph understood these informal or loose records of their dealings, even though outsiders might have difficulty in understanding them. William as well as Joseph should, therefore, be held as far as is possible to that which is fixed upon by them in the documentary evidence in the case. This requires that the Everitt parcel be not allotted to the Dens Co., Inc., despite the consolidated tax return and State tax exhibits which operated in part to William's advantage. They are not conclusive against Joseph in view of the other documents which commit both brothers to the proposition that the parcel is not the subject of a Dens Co., Inc., transaction. This is in conformity with Exhibits 58 and 59, the affidavits of January 31, 1925, which should be used as a starting point with respect to the accounting as to properties involved in the Dens Co., Inc., transactions of these brothers, whether carried in the name of the Dens Co., Inc., or otherwise. Similar effect should be given to the money phases of the relations of these brothers, and both should be held to the figure set up in the Joe-Will account of March 16, 1925, and that figure utilized as a base from which to make computations of debits and credits with respect to the future, in so far as they concern Dens Co., Inc., transactions, or individual transactions of the brothers that are in turn related to Dens Co., Inc., transactions. The interlocutory judgment should be modified by allotting the Everitt property to Joseph; by eliminating the Bryant avenue corporation item; by establishing as a base for the accounting with respect to the properties from thenceforth the list contained in Exhibits 58 and 59, dated January 31, 1925, and the amount agreed upon in the Joe-Will account as of March 16, 1925, of a credit to William R. Klein of $14,146, leaving undisturbed the allotment to the Dens Co., Inc., of properties subsequently acquired, now so allowed in the judgment; by striking out the imposition of costs of the action and the accounting upon the defendants, appellants, and by charging these items upon the funds in suit. As thus modified the judgment, in so far as appealed from, should be affirmed, with costs to the defendants, appellants. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ. Judgment modified by allotting the Everitt property to Joseph M. Klein; by eliminating the Bryant avenue corporation item; by establishing as a base for the accounting with respect to the properties from thenceforth the list contained in Exhibits 58 and 59, dated January 31, 1925, and the amount agreed upon in the Joe-Will account as of March 16, 1925, of a credit to William R. Klein of $14,146, leaving undisturbed the allotment to Dens Co., Inc., of properties subsequently acquired, now so allotted in the judgment; by striking out the imposition of costs of the action and the accounting upon the defendants, appellants, and by charging these items upon the funds in suit. As thus modified the judgment, in so far as appealed from, is unanimously affirmed, with costs to the defendants, appellants. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made in accordance herewith. Particularly, finding of fact 15 is reversed as contrary to the evidence; finding of fact 115 is reversed, and a determination with respect to such property as is concerned therein should be had in the accounting; findings of fact 65 and 66 are reversed; finding of fact 19 is modified by inserting a provision that the agreement referred to therein be confined to the Dens Co., Inc., properties. The latter part of finding of fact 74 is reversed. Settle order on notice.